IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kentrell Treville Liburd,<br><br>Plaintiff,<br><br>v.<br><br>Ms. Bauchman, Sgt E. Cain, Brandon Coulter,<br>Sgt Hester, Joel Anderson, Thomas Clark,<br>Bryan Antonelli, Andre Williams,<br><br>Defendants. | C/A No.: 0:25-cv-12936-SAL<br><br><br>**ORDER** |

Plaintiff Kentrell Treville Liburd brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 8.] The Report recommends denying Plaintiff's motion to proceed in forma pauperis. *Id.* As explained in the Report, the information submitted to the court demonstrates that Plaintiff would not be rendered destitute by being required to pay the filing cost of $402.00, nor is there any indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts. *Id*. at 2. The prison financial analyst certified that Plaintiff could afford an initial installment payment of $565.87, which is over $100.00 more than the filing fee. *Id*.

On November 24, 2025, Plaintiff filed objections to the Report and asked for more time to file additional objections. [ECF No. 10.] The court extended the objection deadline to December 15, 2025, but Plaintiff never filed anything else in this case. [ECF Nos. 10, 11.] In his November 24,2025 objections, Plaintiff states that neither he nor his mother can afford the cost of the filing

1

fee, and Plaintiff requests appointment of counsel to "get things in proper order for court." [ECF No. 10 at 2.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

**DISCUSSION**

I.      **Motion to Proceed in Forma Pauperis**

The Report details the relevant facts and applicable law, and the court incorporates that discussion without a full recitation. Briefly, Plaintiff argues that he cannot afford to pay the $402 filing fee, stating that he comes from a single-family household and that neither he nor his mother can afford the fee. *See* ECF No. 10 at 1. Plaintiff also requests consideration of "extraordinary circumstances" such as government shutdowns and inflation. *Id*. at 2.

Statutes require that civil litigants either pay a filing fee or receive authorization by a court to proceed in forma pauperis ("IFP") based on a submission of indigency. *See* 28 U.S.C. §§ 1914, 1915. The purpose of the IFP statute is to assure that indigent persons have meaningful access to the courts. *See Bruce v. Samuels*, 577 U.S. 82, 85–86. While a plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute," *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00," *Justice v. Granville Cty. Bd. of Educ.*, 2012 WL 1801949, *3 (E.D.N.C. May 17, 2012) (denying IFP status), *aff'd* 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied* 133 S. Ct. 1657 (2013). It is within the court's discretion to authorize IFP status. *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (describing the privilege of proceeding in forma pauperis as "a privilege, not a right").

Federal courts permit a person to proceed without prepayment of fees if that person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. The statute imposes a two-part requirement on all applicants: (1) a statement of all assets, and (2) a showing of inability to

3

pay. *Id*. The affidavit must also state the nature of the action and the applicant's belief that they are entitled to redress. *Id*.

Here, Plaintiff has failed to provide a statement of all assets or show an inability to pay. Contrary to Plaintiff's claims that he cannot pay the $402 fee in this case, a prison financial analyst calculated that Plaintiff can afford an installment payment of $565.87, which exceeds the full filing cost. [ECF No. 8 at 2.] To the extent Plaintiff references other factors, such as government shutdowns or inflation, he fails to explain how those factors have rendered him unable to pay in this case. Accordingly, the record supports the conclusion that Plaintiff has the financial ability to pay the filing fee.

Plaintiff also appears to believe that the denial of his in forma pauperis request was based on his payment of a filing fee in another case. *See* ECF No. 10 at 1; *see also Liburd v. Antonelli*, 0:25-cv-11164-SAL-PJG. However, the recommendation was based solely on the prison financial analyst's calculation, not any of Plaintiff's other cases. *See* ECF No. 10 at 1. Accordingly, the court denies Plaintiff's motion to proceed in forma pauperis, ECF No. 2.

## II.    Motion for Appointment of Counsel

Plaintiff also requests appointment of counsel. In civil cases, however, there is no constitutional right to appointed counsel, and the court may request an attorney to represent a litigant only in exceptional circumstances, considering factors such as the likelihood of success on the merits, the complexity of the legal issues, and the plaintiff's ability to articulate the claims. *See Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024) (holding that the appointment of counsel in civil cases is discretionary and not a constitutional entitlement). Here, Plaintiff has not demonstrated circumstances warranting appointment of counsel. Plaintiff argues that he has been incarcerated for fourteen years, since he was sixteen, and lacks knowledge of the law and legal

procedures. *See* ECF No. 10 at 2. However, at this stage, the legal and factual issues appear manageable, and Plaintiff's filings reflect an ability to articulate his claims. Accordingly, the request for assistance of counsel is denied without prejudice.

### CONCLUSION

For the foregoing reasons, the court overrules Plaintiff's objections to the Report and **DENIES** his motion for the appointment of counsel, ECF No. 10. The court adopts the Report and **DENIES** Plaintiff's application to proceed in forma pauperis, ECF No. 2.

Plaintiff shall have fourteen days from the date of this order to submit the required filing fee. If he fails to pay the filing fee within that time, his case will be dismissed without prejudice.

**IT IS SO ORDERED.**

April 14, 2026                                     Sherri A. Lydon
Columbia, South Carolina                   United States District Judge